JUDGE WOOD

DOC# 1

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VICTOR AVILES,

Plaintiff,

-against -

METRO-NORTH COMMUTER RAILROAD,
DANILO ROCA, GUIDO MAZZOLA and
AMEC CARTING LLC and,

Defendants.
----------------------------------------------------------X

05 CV 2940

**VERIFIED**
**COMPLAINT**

Docket No.:

Plaintiff, by his attorney, BRECHER FISHMAN PASTERNACK POPISH HELLER REIFF & WALSH, P.C., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

**JURISDICTION**

1. That the action is being brought against the defendant, METRO-NORTH COMMUTER RAILROAD pursuant to the provisions of the Federal Employers' Liability Act Title 45, U.S. Code Section 51 et seq.

**FACTS**

2. That at all times herein mentioned, the defendant METRO-NORTH COMMUTER RAILROAD, is and was at all times a corporation duly organized, created and existing under the laws of the State of New York and is and was at all times hereinafter mentioned a common carrier in interstate transportation and commerce by railroad.

3. That at all times hereinafter mentioned, the plaintiff, VICTOR AVILES, herein is an employee of the defendant, METRO-NORTH COMMUTER RAILROAD, as the term is defined

under Section 45 U.S.C. and as such is a Railroad Police Officer for the defendant, METRO-NORTH COMMUTER RAILROAD and is engaged by the defendant, METRO-NORTH COMMUTER RAILROAD to perform duties in the furtherance of its business interest and movement of freight in interstate and foreign commerce by defendant railroad.

4. That the defendant, METRO-NORTH COMMUTER RAILROAD, is involved and does have a principal place of business in the State of New York and its business office is located at 347 Madison Avenue, 17th Floor, New York, New York 10017.

5. That at all times hereinafter mentioned, the plaintiff was a resident of Connecticut. The matter in controversy exceeds, exclusive of interest and costs, the sum of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00).

6. The negligence complained of occurred in the County of Norwalk, State of Connecticut.

7. On or about the 20th day of March 2003 and for some time prior thereto, plaintiff was employed by the defendant, METRO-NORTH COMMUTER RAILROAD, as a Railroad Police Officer in the furtherance of defendant's business in interstate commerce.

8. That on or about 20th day of March 2003, the plaintiff was conducting his activities as a Railroad Police Officer which was in the furtherance of defendant's business in interstate commerce.

9. That on 20th March 2003 defendant METRO-NORTH COMMUTER RAILROAD owned a Ford Crown Victoria with license plate NY 4142.

10. That on the 20th day of March 2003, the plaintiff, during the course of his employment with the defendant, was caused to be injured when the Metro-North Patrol Car 2000 Ford Crown Victoria license plate number 4142 he was driving, came in contact with the defendant's AMEC Carting LLC's Mack Truck. Defendant, METRO-NORTH COMMUTER RAILROAD

aforedescribed vehicle's air bag failed to timely deploy and the seat restraints were further defective causing plaintiff's injury in violation of FELA 45, USC Section 51, et seq.

11. That as a result of the negligence of the defendant, METRO-NORTH COMMUTER RAILROAD its agents, servants and employees with respect to the negligent and careless maintenance of their carpool system. The defendant failed to have the torque levels on the aforedescribed patrol car properly adjusted on the bolts that attach to the vehicle's airbag electronic crash sensor module. The failure to retrofit the crash sensor module caused a delayed air bag deployment as a result of this motor vehicle collision. Defendant, METRO-NORTH COMMUTER RAILROAD, failed to provide plaintiff with a safe place to work, failed to properly warn plaintiff of the possible hazards with the patrol car, the failure of defendant to maintain its 2000 Ford Crown Victoria(s) in a proper and safe manner, the failure of the defendant to comply with the applicable 2000 Ford Crown Victoria recall maintenance, the failure of defendant to properly provide for adequate airbag and seatbelt safety for plaintiff, the failure of the defendant to properly re-tool this patrol car's crash sensor module and in the general reckless, careless and negligent manner in which the defendant failed to retro-fit the aforedescribed vehicle in compliance with the applicable Ford recall notices; as a result plaintiff was caused to suffer serious and permanent injuries, while employed by the defendant on the 20th day of March 2003.

12. That as a result of the defendant's negligence, as aforesaid, without any negligence on the part of the plaintiff contributing thereto, the plaintiff was caused to suffer severe, permanent, personal and painful physical and emotional injuries, impairment and disability, including a prospective shoulder operation and plaintiff has been and will be caused to lose time from his railroad employment and will incur expenses and suffer additional damages.

13. As a direct and proximate result of the negligence of defendants, plaintiff suffered serious, painful and permanent personal injuries, which caused and will in the future, cause serious pain, both physical and mental, to damage in the sum of ONE MILLION DOLLARS ($1,000,000.00).

14. Plaintiff has been caused to lose from employment and his ability to work and carn money has been and will be permanently impaired, to damage in the sum of ONE MILLION DOLLARS ($1,000,000.00).

15. Plaintiff has incurred and will in the future incur reasonable medical expenses in an amount over twenty thousand dollars.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, DANILO ROCA, GUIDO MAZZOLA, and AMEC CARTING LLC**
**PURSUANT TO 28 U.S.C. 1367**

16. Plaintiff, VICTOR AVILES is a citizen of the State of Connecticut.

17. Defendant, DANILO ROCA is a citizen of the State of Connecticut.

18. Defendant, GUIDO MAZZOLA is a citizen of the State of Connecticut.

19. That at all times hereinafter mentioned and prior thereto, and on March 20, 2003, the defendant, AMEC CARTING LLC, is, was, and has been a domestic corporation duly authorized and licensed to conduct business in the State of Connecticut.

20. That at all times hereinafter mentioned and prior thereto, and on March 20, 2003, the defendant, AMEC CARTING LLC, is, was, and has been a foreign corporation duly authorized and licensed to conduct business in the State of Connecticut.

21. That at all times hereinafter mentioned and prior thereto, and on March 20, 2003, the defendant, AMEC CARTING LLC, is, was, and has been an unauthorized foreign corporation

transacting business in the State of Connecticut.

22. That at all times hereinafter mentioned and prior thereto, and on March 20, 2003, the defendant, AMEC CARTING LLC, is, was, and has been a domestic partnership and/or other business entity duly authorized and licensed to conduct business in the State of Connecticut.

23. That at all times hereinafter mentioned and prior thereto, and on March 20, 2003, the defendant, AMEC CARTING LLC, transacted business within the State of Connecticut; regularly did or solicited business within the State of Connecticut, and engaged in other persistent courses of conduct and/or derived substantial revenues for goods used or consumed or services rendered in the State of Connecticut.

24. That at all times hereinafter mentioned and prior thereto, and on March 20, 2003, the defendant, AMEC CARTING LLC, had an office for the transaction of business located at 166 Orchard Drive, New Canaan, Connecticut.

25. That at all times herein after mentioned defendant, AMEC CARTING LLC was registered owner of a red 2001 Mack RD6885 truck with Connecticut license plates J67292 (Mack Truck).

26. That on March 20, 2003, at 4:13 p.m. aforedescribed vehicle was being operated by defendant, DANILO ROCA with the permission and consent of defendant, AMEC CARTING LLC in the area of Martin Luther King Drive at the intersection of Monroe Street, in Norwalk, Connecticut.

27. As a result of defendant's Danilo Roca's negligence in violating 14-218a, 14-245, 14-219 and 14-271(b) of the Connecticut General Statutes by operating the Mack Truck at too high and excessive rate of speed, failure to grant plaintiff the right of way and operating the Mack Truck at a excessive weight with a unsecured load; plaintiff was permanently injured.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS,**
**DANILO ROCA, GUIDO MAZZOLA, and AMEC CARTING LLC**

28. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, GUIDO MAZZOLA was the owner of a 2001 Mack vehicle bearing Connecticut license plate number J67292.

29. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, GUIDO MAZZOLA maintained a 2001 Mack vehicle bearing Connecticut license plate number J67292.

30. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, GUIDO MAZZOLA controlled a 2001 Mack vehicle bearing Connecticut license plate number J67292.

31. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, GUIDO MAZZOLA was the lessee of a 2001 Mack vehicle bearing Connecticut license plate number J67292.

32. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, GUIDO MAZZOLA was the lessor of a 2001 Mack vehicle bearing Connecticut license plate number J67292.

33. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, AMEC CARTING LLC was the owner of a 2001 Mack vehicle bearing Connecticut license plate number J67292.

34. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, AMEC CARTING LLC owned a 2001 Mack Truck vehicle bearing Connecticut license plate number J67292.

35. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, AMEC CARTING LLC maintained a 2001 Mack vehicle bearing Connecticut license plate number J67292.

36. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, AMEC CARTING LLC inspected a 2001 Mack vehicle bearing Connecticut license plate number J67292.

37. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, AMEC CARTING LLC controlled a 2001 Mack vehicle bearing Connecticut license plate number J67292.

38. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, AMEC CARTING LLC was the lessee of a 2001 Mack vehicle bearing Connecticut license plate number J67292.

39. That at all times hereinafter mentioned and prior thereto and on March 20, 2003, the defendant, AMEC CARTING LLC was the lessor of a 2001 Mack vehicle bearing Connecticut license plate number J67292.

40. On or about March 20, 2003 at approximately 6:13 a.m., defendant DANILO ROCA operated said motor vehicle bearing Connecticut state registration number J67292.

41. On or about March 20, 2003 at approximately 6:13 a.m., defendant DANILO ROCA operated said motor vehicle bearing Connecticut state registration number J67292 with the expressed permission and consent of its owner.

42. On or about March 20, 2003 at approximately 6:13 a.m., defendant DANILO ROCA operated said motor vehicle bearing Connecticut state registration number J67292 with the implied permission and consent of its owner.

43. On March 20, 2003 Martin Luther King Drive at or about its intersection with Monroe Street in the City of Norwalk, State of Connecticut was and still is a public highway and thoroughfare.

44. On March 20, 2003, defendant DANILO ROCA operated motor vehicle bearing license plate number J67292 in such a negligent and careless manner as to cause it to collide with the motor vehicle operated by plaintiff.

45. That at all times hereinafter mentioned and prior thereto and on March 20, 2003 at approximately 6:13 a.m. the defendant, DANILO ROCA, was operating the aforementioned 2001 Mack Truck on Monroe Street at or about its intersection with Martin Luther King Drive in the City of Norwalk, State of Connecticut.

46. That on March 20, 2003 the aforementioned 2001 Mack Truck owned by defendant, AMEC CARTING LLC and/or GUIDO MAZZOLA, operated by defendant, DANILO ROC, struck the METRO-NORTH patrol vehicle operated by METRO-NORTH RAIL ROAD POLICE OFFICER plaintiff, VICTOR AVILES.

47. That on March 20, 2003 the aforementioned 2001 Mack Truck owned by defendant, AMEC CARTING LLC and/or GUIDO MAZZOLA operated by defendant, DANILO ROCA, struck the motor vehicle operated by plaintiff, VICTOR AVILES.

48. That the defendants, DANILO ROCA, GUIDO MAZZOLA and AMEC CARTING LLC were negligent, reckless and careless in the ownership, operation, maintenance and control of the aforesaid motor vehicle in that they operated said vehicle at a dangerous and unsafe speed given the conditions then and there existing; failed to see the approach of other motor vehicles; operated the vehicle with reckless disregard of the care and safety of others; operated said vehicle at an excessive speed given the circumstances then and there existing; failed to slow up or stop in time to avoid the

aforedescribed accident; failed to obey traffic devices and red light signals; failed to see the other motor vehicles on the roadway; failed to yield the right of way; failed to comprehend, apprehend and/or anticipate hazards and dangers; violated the applicable provisions of the Connecticut General Statutes and regulations as they pertain to the operation of motor vehicles including statutes 14-218a; 14-245; and 14-271(b) failed to grant plaintiff the right of way by proceeding through a red light.

49. Defendants, DANILO ROCA, GUIDO MAZZOLA, and AMEC CARTING LLC violated the aforedescribed applicable sections of the Connecticut State General Statutes concerning the safe and proper operation of a motor vehicle upon the public ways and streets of the State of Connecticut, including disregarding a red traffic signal.

50. That the accident and injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendants, DANILO ROCA, GUIDO MAZZOLA and AMEC CARTING LLC without any fault or want of care or culpable conduct on the part of the plaintiff contributing thereto.

51. That the plaintiff VICTOR AVILES sustained a serious injury as defined by the Insurance Laws of the State of New York and Connecticut.

52. That the plaintiff, VICTOR AVILES, sustained economic loss in excess of basic economic loss as defined by the Insurance Law of the State of New York and Connecticut.

53. That the plaintiff claims an exclusion from the abolition of the joint and several liability pursuant to the Civil Practice Law and Rules of the State of New York and Connecticut.

54. That by reason of the foregoing, the plaintiff, VICTOR AVILES, was caused to suffer the following injures:

A. Left shoulder impingement and AC joint irritation requiring arthroscopic

decompression;

B. Positive MRI indicative of left shoulder central impingement on the musculotendinous junction of the supra spinatus.

C. Traumatic chondromalacia of patella of left knee;

D. Intra-articular effusion of left shoulder confirmed by MRI June 4, 2004.

Plaintiff he has been forced to seek and still undergoes medical aid and attention, and that he has been forced to abstain and will be forced to abstain in the future from his usual vocation and activities; including possible early retirement.

55. Plaintiff demands judgment against the defendants on the in the sum of TWO MILLION DOLLARS, together with interest, costs and disbursements of this action.

**WHEREFORE**, plaintiff, VICTOR AVILES demands judgment against the defendants in the FIRST CAUSE OF ACTION in a sum exceeding TWO MILLION DOLLARS and in the SECOND CAUSE OF ACTION in a sum exceeding TWO MILLION DOLLARS together with attorney's fees and the costs and disbursements of this action.

DATED: New York, New York
March 16, 2005

Yours, etc.,
BRECHER FISHMAN PASTERNACK
POPISH HELLER REIFF & WALSH, P.C.

Mark G. Sokoloff (2171)
Attorney for Plaintiff
222 Broadway, 19TH Floor
New York, New York 10038
Telephone Number: 212-341-7944

**VERIFICATION**

STATE OF NEW YORK }
} ss.:
COUNTY OF NEW YORK }

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

DATED: New York, New York
March 16, 2005

MARK G. SOKOLOFF